UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      CASE NO. 11-CR-20117
v.                                  HONORABLE GEORGE CARAM STEEH

D-4 EDITH JOYCE TURNER,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION OF SENTENCE (DOC. #243)

Defendant pleaded guilty to one count of conspiring to distribute a controlled substance (heroin) for purpose of unlawful importation and was sentenced to a term of imprisonment of 48 months. (Doc. #218 at 1–2, Judgment). Now before the court is defendant's motion for reconsideration of her sentence. (Doc. #243). Defendant seeks credit for the time she was on bond prior to sentencing, as well as credit for time served for violating bond conditions. For the reasons that follow, defendant's motion will be denied.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A defendant is entitled to credit toward the service of a term of imprisonment for "any time he has spent in official detention prior to the date the sentence commences," that is "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of

the offense for which the sentence was imposed" if "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Defendant argues that the following constitutes "official detention" entitling her to credit against her term of imprisonment:

- the period of time that defendant was on bond awaiting trial, some of which was spent incarcerated due to violations of supervised release conditions
- the period of time that defendant was on bond after being sentenced but before self-surrendering to the custody of the Bureau of Prisons

As to the time she was on bond awaiting trial, defendant argues that she was in "official detention" because she was subject to pretrial restrictions, including wearing a leg monitor. Moreover, defendant was incarcerated for discrete periods of time during her pretrial release for violating supervised release conditions. As to the period of time that defendant's bond was continued prior to self-surrendering, defendant likewise argues that she was in "official detention" because she was forced to comply with pretrial restrictions and wore a leg monitor.

First, defendant's motion for reconsideration of her sentence is procedurally incorrect. Defendant's collateral attack on her sentence must come by way of a motion for habeas relief pursuant to 28 U.S.C. § 2255, not a motion for reconsideration of her sentence.

Second, even if the court construes defendant's motion as seeking habeas relief under § 2255, defendant has not established that she is entitled to credit for "official detention" that she served. Any period of time that defendant was subject to wearing an ankle bracelet or on home confinement, whether prior to sentencing or post-sentencing, is

not a term of "official detention" entitling her to credit against her term of imprisonment. *See United States v. Wickman*, 955 F.2d 592 (8th Cir. 1992) (holding that house arrest restrictions as conditions of pretrial release were not "official detention" entitling the defendant to sentencing credit); *Medina v. Clark*, 978 F.2d 1259 (6th Cir. 1992) (Table) ("[P]hysical incarceration is required in order for a prisoner to receive credit towards a later sentence. . . .") (citation omitted); *United States v. Browning*, 761 F.Supp.681 (C.D. Cal. 1991) (holding that, despite limits on defendant's ability to leave home pending trial, defendant was not "in custody" or subject to "official detention."); *United States v. Zackgular*, 945 F.2d 423, 425 (1st Cir. 1991) ("While a defendant's movement may be severely curtailed by the conditions of his home confinement, it cannot seriously be doubted that confinement to the comfort of one's home is not the functional equivalent of incarceration in either a practical or a psychological sense."); *United States v. Cleto*, 956 F.2d 83, 85 (5th Cir. 1992) (time spent on bond prior to trial is not "official detention" or time spent "in custody."). And as it relates to the time of imprisonment spent for violating supervised release conditions, defendant is not entitled to credit. *Dent v. Zenk*, 408 F.Supp.2d 103 (E.D. N.Y. 2005) (reasoning that incarceration for violating supervised release conditions does not entitle defendant to credit), amended in part, vacated in part on other grounds 2006 WL 1027105 (Feb. 1, 2006), affirmed in 206 F' App'x 98 (2006).

Finally, even if defendant was entitled to credit for her pretrial release and time of incarceration for violating supervised release conditions, "[t]he decision whether to credit any time served in pretrial detention rests initially with the Attorney General rather than the sentencing judge." *United States v. Kelley*, 300 F.Supp.2d 224, 234 (D. Mass. 2003) (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992)).

For these reasons, defendant's motion for reconsideration of her sentence is DENIED.

IT IS SO ORDERED.

Dated: November 24, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 24, 2015, by electronic and/or ordinary mail and also on Edith Turner #46110-039, FCI Hazelton, Federal Correctional Institution Satellite Camp, Secure Female Facility, P. O. Box 3000, Bruceton Mills, WV  26525

s/Barbara Radke
Deputy Clerk